UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANKLIN,<br><br>       Plaintiff,<br><br>       vs.<br><br>SOTO, et al.,<br><br>       Defendants. | Case No. CV 15-08379-CBM (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Gregory Franklin ("Plaintiff"), an inmate at California State Prison, Los Angeles County ("CSP-LAC") proceeding pro se and in forma pauperis, has filed a civil rights complaint ("Complaint") against defendants Soto, A. H. Martinez, S. Rivera, B. Bojorquez[1], O'Neal, L. Rowe, R. Sutton, C. Wofford, B. Harris, Nunez, Janda, and L.E. McEwen. See Compl. The Court has now screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///

---

[1] The Complaint's caption and body alternately list this defendant as "B. Bojorquez," "B. Borjorquez," and "B. Bojoroquez.". See CM-ECF Docket No. ("Dkt.") 1, Compl. The Court defers to the Complaint's caption, which names defendant "B. Bojorquez." Id.

# I.
# BACKGROUND

On October 11, 2015, Plaintiff constructively filed[2] the instant Complaint pursuant to 42 U.S.C. § 1983. Compl. 1.[3] The Complaint sues defendants Janda, Harris, McEwen, Bojorquez, Sutton, Wofford, Rivera, Martinez, Rowe, and Nunez in their official and individual capacities. Id. at 3-4, 6-7.

## A. ALLEGATIONS

### (1) Mail Incidents at Calipatria State Prison and CSP-LAC

Plaintiff alleges defendant Janda caused the dismissal of Plaintiff's actions in the United States District Court for the Southern District of California. Id. at 27. Specifically, Plaintiff alleges defendant Janda delayed Plaintiff's receipt of an Order the Court sent to Plaintiff on January 27, 2012 at Calipatria State Prison and Plaintiff consequently missed a court deadline. Id.

Plaintiff was allegedly moved to CSP-LAC on February 12, 2012. Id. at 8, 17. Plaintiff alleges on September 11, 2012, he tried to send legal mail from CSP-LAC to his former counsel, but the letter was never sent. Id. at 11. Plaintiff alleges he filed a grievance with respect to the outgoing letter, but defendant Harris "would not process [Plaintiff]'s inmate grievance, the acting warden was McEwen." Id. at 11-12.

---

[2] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). Here, Plaintiff signed and dated the Complaint on "10- 15." Concurrent with the Complaint, Plaintiff signed and dated a Motion for Preliminary Injunction on October 11, 2015. Thus, the Court deems October 11, 2015 the filing date.

[3] The Court refers to the pages of the Complaint as if they were consecutively numbered.

Plaintiff further alleges from January 21, 2013 to October 5, 2014, his relatives and friends sent writing tablets, stamps, and a personal package to Plaintiff at CSP-LAC, which Plaintiff never received. Id. at 12. Plaintiff alleges on November 30, 2014, he "did an inmate request and a[n] inmate grievance" regarding this mishandled mail, but defendant "Harris did not process the inmate grievance, the warden was J. Soto." Id. at 12-13. In addition, Plaintiff alleges on May 5, 2013, he sent legal documents to a process server, but the process server never received them and "[defendant] Harris did not process [P]laintiff['s] inmate grievance, Warden J. Soto." Id.

**(2) Visiting Incidents at Calipatria State Prison and CSP-LAC**

Plaintiff further alleges he "brought a civil complaint against 13 defendants at Calipatria State Prison in July 2007," and was consequently subjected to retaliation. Id. at 5. Specifically, Plaintiff alleges one of his visitors, Sonia Azevedo, "immediately start[ed] to experience harassment from Officer Borjorquez and Office[r] O'Neal." Id. Plaintiff alleges on January 28, 2012, during a videotaped visit at Calipatria State Prison, Plaintiff hugged and kissed Azevedo "within rules and regulations." Id. Plaintiff alleges defendant Bojorquez then separately detained Plaintiff and Azevedo for excessive touching, as well as "reported the incident to his supervisor," defendant Sutton. Id. Plaintiff alleges defendant Sutton informed Azevedo her future visit would "probably [be] suspended for 30 days at the least." Id. at 8.

Plaintiff alleges on February 25, 2012, Azevedo attempted to visit Plaintiff at CSP-LAC. Id. Plaintiff alleges despite Azevedo's obtaining visitor approval at an earlier date, Azevedo was forced to complete a visitor application form. Id. Plaintiff alleges Azevedo "was disapproved and she was not allowed to visit [P]laintiff for a couple of months." Id. at 16. Plaintiff alleges he filed a grievance with respect to Azevedo's thwarted visit and defendant Wofford's response "stated the institution had authority to make her fill out the application" Id.

Plaintiff alleges on March 24, 2012, one of his relatives, Aiyana Franklin, brought Plaintiff's grandchildren to visit Plaintiff at CSP-LAC. Id. at 16. However, Plaintiff alleges they "were not allowed to see [P]laintiff." Id. Plaintiff alleges staff erroneously told Franklin that Plaintiff could not "receive visitors for disciplinary reasons." Id. Plaintiff alleges he filed a "request" concerning Franklin's visitor status, and defendant Rivera responded by stating "the visitor is approve[d] and nothing further." Id. Plaintiff alleges he tried to file a grievance with respect to Franklin's thwarted visit, but "the staff would not process the inmate grievance." Id.

**(3)    Administrative Hearing at CSP-LAC**

Plaintiff alleges on March 6, 2012[4], defendant Martinez conducted an administrative hearing at CSP-LAC regarding Plaintiff's purportedly excessive touching of Azevedo on January 28, 2012. Id. at 8, 14. Plaintiff alleges he requested witnesses and the videotape of the purportedly excessive touching. Id. at 8. However, Plaintiff alleges neither witnesses nor the videotape were provided in violation of Plaintiff's due process rights. Id. Plaintiff further alleges he "was found guilty and los[t] phone, canteen and outdoor yard recreation for 30 straight days." Id.

**(4)    Plaintiff's Confinement after the Administrative Hearing at CSP-LAC**

Plaintiff alleges defendant Martinez told Plaintiff he would be "confined to his cell for (30) thirty consecutive day[s]" over Plaintiff's objections, and Plaintiff endured "mental anguish and chest pain" in violation of his right to be free of cruel and unusual punishment. Id. at 14. Plaintiff further alleges his "property

---

[4]    Plaintiff alternately states his administrative hearing at CSP-LAC occurred on March 6, 2012 and March 7, 2012. Compl. 8, 14. The Court defers to the date of March 6, 2012. Id. at 8.

was taken and los[t], [and] he does not have the documents to support his claim, [but] Plaintiff preserve[s] the right to amend the complaint once he receives the information." Id.

### (5) Law Library Access at CSP-LAC

Plaintiff alleges on March 21, 2012, defendant Rowe told Plaintiff the CSP-LAC law library was open on Mondays and Tuesdays. Id. at 17. However, Plaintiff alleges when he tried to access the library to litigate his pending civil cases, the library was closed until April 5, 2012. Id. Plaintiff alleges throughout April 2012, the library opened seven times for two hours each time and allowed twelve inmates each time. Id. In addition, Plaintiff alleges the library had no casebooks, no printer, and only five computers. Id. at 10. Plaintiff also alleges the library's limited schedule and resources caused him to miss deadlines in his pending civil cases and have the cases dismissed against him. Id.

**B.   CLAIMS**

Plaintiff claims defendants Bojorquez, Sutton, Martinez, and Rivera, in their official and individual capacities, violated Plaintiff's Eighth and Fourteenth Amendment rights. Id. at 3, 6. Plaintiff further claims defendants Wofford, Rowe, Harris, McEwen, Nunez, and Janda, in their official and individual capacities, violated Plaintiff's Eighth, Fourteenth, and First Amendment rights. Id. at 4, 6-7.

**C.   RELIEF REQUESTED**

The Complaint requests: (1) injunctive relief; (2) $2,000,000.00 in compensatory damages; and (3) $2,000,000.00 in punitive damages. Id. at 15.

## II.
## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen Plaintiff's FAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such

relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

If the court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## III.
## DISCUSSION

### A. PLAINTIFF FAILS TO PROPERLY IDENTIFY DEFENDANTS

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of a complaint. The complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, Plaintiff fails to identify who is being sued and for what relief. The Complaint's caption names defendants Soto, Martinez, Rivera, Bojorquez, and Rowe. Compl. 1. However, the Complaint's claims omit defendant Soto and add defendants Sutton, Wofford, Harris, McEwen, Nunez, and Janda. Id. at 3-4, 6-7. In addition, the Complaint's allegations mention only defendants Janda, Harris,

McEwen, Bojorquez, O'Neal, Sutton, Wofford, Rivera, Martinez, and Rowe. Id. at 5, 8, 11-14, 16-17, 27. Hence, the Court cannot determine: (1) whether Plaintiff intended to name Nunez as a defendant because the Complaint makes no allegations against him; (2) whether Plaintiff intended to name Sutton, Wofford, Harris, McEwen, Nunez, Janda, and O'Neal as defendants because Plaintiff omitted them from the Complaint's caption; or (3) whether Plaintiff sues defendant Soto in his individual or official capacity. If Plaintiff decides to include any or all of these defendants in an amended complaint, he must clarify exactly who the defendants are and in what capacity they are being sued.

**B.    PLAINTIFF FAILS TO STATE OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANTS JANDA, HARRIS, MCEWEN, BOJORQUEZ, SUTTON, WOFFORD, RIVERA, MARTINEZ, ROWE, AND NUNEZ**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Because no respondeat superior liability exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). A plaintiff must show "that a [county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted). In addition,

he must show the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Here, Plaintiff's official capacity claims against defendants Janda, Harris, McEwen, Bojorquez, Sutton, Wofford, Rivera, Martinez, Rowe, and Nunez fail. Compl. 3-4, 6-7. Plaintiff fails to identify any "formal governmental policy or a longstanding practice or custom" pursuant to which defendants Janda, Harris, McEwen, Bojorquez, Sutton, Wofford, Rivera, Martinez, Rowe, and Nunez acted. See Gillette, 979 F.2d at 1346. Plaintiff's official capacity claims must therefore be dismissed.

**C.    PLAINTIFF FAILS TO STATE CLAIMS AGAINST DEFENDANTS HARRIS, MCEWEN, AND SOTO**

In determining whether a plaintiff's complaint states a claim, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)).

Here, Plaintiff makes the following conclusory allegations against defendants Harris, McEwen, and Soto: (1) with respect to mail Plaintiff tried to send his former counsel on September 11, 2012, defendant Harris "would not process [Plaintiff]'s inmate grievance, the acting warden was McEwen;" (2) Plaintiff attempted to file on November 30, 2014 regarding Plaintiff's non-receipt of writing tablets, stamps, and a personal package, but defendant Harris "did not process the inmate grievance, the warden was J. Soto;" and (3) defendant Harris "did not process [P]laintiff['s] inmate grievance, Warden J. Soto" concerning legal documents Plaintiff sent to a process server on May 5, 2013. Compl. 12-13.

However, Plaintiff fails to provide any legal bases for such allegations and thus provides "no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." See Zamani, 491 F.3d at 996 (citation and internal quotation marks omitted). Plaintiff fails to identify what constitutional amendment, if any, implicates alleged impeding of inmate grievances. Plaintiff's claims against defendants Harris, McEwen, and Soto must therefore be dismissed.

### D. PLAINTIFF FAILS TO STATE CLAIMS AGAINST DEFENDANT JANDA FOR VIOLATING HIS RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT, AND RIGHT TO ACCESS THE COURTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS

The Sixth Amendment prohibits prison officials from reading correspondence between an inmate and his lawyer. Nordstrom v. Ryan, 762 F.3d 903, 906 (9th Cir. 2014). "This is because it is highly likely that a prisoner would not feel free to confide in his lawyer such things as incriminating or intimate personal information -- as is his Sixth Amendment right to do -- if he knows that the guards are reading his mail." Id. However, correspondence between an inmate and a court does not constitute "legal mail" implicating Sixth Amendment protections. Id.; Meador v. Pleasant Valley State Prison, 312 F. App'x 954, 955 (9th Cir. 2009) (stating "because the mail at issue appeared to come from the California Court of Appeal, it did not constitute constitutionally protected 'legal mail'").[5]

In addition, the First and Fourteenth Amendments provide the right to access the courts, which means inmates must be able to litigate claims challenging the conditions of their confinement without active interference by prison officials. Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). To state a claim against

---

[5] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R.App. P. 32.1(a).

prison officials for denial of access to the courts during a plaintiff inmate's pending civil litigation, the plaintiff must allege the prison officials acted "in order to hinder his ability to litigate his pending civil lawsuits." Id. at 1104. The plaintiff must also allege an actual injury, i.e., that some official action has frustrated or is impeding the plaintiff's attempt to bring a nonfrivolous legal claim. Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011). Specifically, a plaintiff must describe: (1) a nonfrivolous underlying claim that was allegedly compromised "to show that the 'arguable' nature of the claim is more than hope;" (2) the official acts that frustrated the litigation of that underlying claim; and (3) a "remedy available under the access claim and presently unique to it" that could not be awarded by bringing a separate action on an existing claim. Christopher v. Harbury, 536 U.S. 403, 416, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). A missed filing deadline, by itself, does not state an access to the courts claim. See Flagg v. City of Detroit, 715 F.3d 165, 178-79 (6th Cir. 2013) (plaintiff is not required to prove government obstruction caused him to lose underlying claim, but must show that the claim was at least arguably meritorious and not frivolous); Barbour v. Haley, 471 F.3d 1222, 1226 (11th Cir. 2006) (plaintiff alleging denial of access to the courts must "identify within his complaint [ ] a nonfrivolous, arguable underlying claim") (internal quotation marks omitted).

  Here, Plaintiff's Sixth Amendment claim against defendant Janda fails. Plaintiff alleges defendant Janda caused delays in Plaintiff's receipt of a January 27, 2012 Order from the United States District Court for the Southern District of California. Compl. 27. However, correspondence from the United States District Court for the Southern District of California fails to constitute legal mail and thus lacks Sixth Amendment protections. See Nordstrom, 762 F.3d at 906; Meador, 312 F. App'x at 955. Plaintiff's Sixth Amendment claim against defendant Janda must therefore be dismissed.

In addition, Plaintiff's First and Fourteenth Amendment claims against defendant Janda for mishandling his mail fails. Plaintiff fails to allege any facts showing defendant Janda acted "in order to hinder his ability to litigate his pending civil lawsuits." See Silva, 658 F.3d at 1103-04. Plaintiff also fails to allege defendant Janda's actions frustrated or impeded Plaintiff's attempt to bring a nonfrivolous legal claim. See Nevada Dept. of Corrections, 648 F.3d at 1018. Plaintiff fails "to show that the 'arguable' nature of the claim is more than hope." See Christopher, 536 U.S. at 416. Plaintiff further fails to show defendant Janda frustrated the litigation of that underlying claim and a "remedy available under the access claim and presently unique to it" that could not be awarded by bringing a separate action on an existing claim. Id. Plaintiff's First and Fourteenth Amendment claims against defendant Janda must therefore be dismissed.

### E.  PLAINTIFF FAILS TO STATE FIRST AMENDMENT RETALIATION CLAIMS AGAINST DEFENDANTS BOJORQUEZ, O'NEAL, SUTTON, WOFFORD, AND RIVERA

Allegations of retaliation against a plaintiff inmate's First Amendment rights to speech or to petition the government may support a 42 U.S.C. § 1983 claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct; (4) the adverse action chilled the plaintiff's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff's First Amendment retaliation claims against defendants O'Neal, Bojorquez, Sutton, Wofford, and Rivera fail. Plaintiff alleges after he filed a civil complaint against Calipatria State Prison officials, defendants

Borjorquez and O'Neal harassed his visitor, Azevedo. Compl. 5. Plaintiff further alleges on January 28, 2012, defendant Borjorquez improperly detained Plaintiff and Azevedo for purportedly excessive touching, as well as "reported the incident to his supervisor," defendant Sutton. Id. Plaintiff alleges defendant Sutton informed Azevedo her future visit would "probably [be] suspended for 30 days at the least." Id. at 8. In addition, Plaintiff alleges he filed a grievance regarding Azevedo's attempted February 25, 2015 visit and defendant Wofford's response to the grievance "stated the institution had authority to make her fill out the application." Id. Plaintiff also alleges he filed a request concerning Franklin's visitor status following her thwarted March 24, 2012 visit and defendant Rivera responded by stating "the visitor is approve[d] and nothing further." Id. These allegations fail to show defendants O'Neal, Bojorquez, Sutton, Wofford, and Rivera took adverse action against Plaintiff because of Plaintiff's protected conduct, chilled Plaintiff's exercise of his First Amendment rights, and did not reasonably advance a legitimate correctional goal. See Rhodes, 408 F.3d at 567-68. Plaintiff's First Amendment retaliation claims against defendants O'Neal, Bojorquez, Sutton, Wofford, and Rivera must therefore be dismissed.

### F. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT DUE PROCESS CLAIM AGAINST DEFENDANT MARTINEZ

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (internal citations and quotation marks omitted). Due process analysis "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally

sufficient." Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011).  Due process affords no "protected liberty interest that would entitle [a plaintiff inmate] to the procedural protections" where: (1) thirty days of "disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody;" and (2) the disciplinary segregation did not "inevitably affect the duration of [the plaintiff's] sentence." Sandin v. Conner, 515 U.S. 472, 486-87, 115 S. Ct. 2293, 2302, 132 L. Ed. 2d 418 (1995) (holding "segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest").

Here, Plaintiff's Fourteenth Amendment due process claim against defendant Martinez fails.  Plaintiff alleges that on March 6, 2012, defendant Martinez conducted an administrative hearing at CSP-LAC.  Compl. 8, 14. Plaintiff alleges his request for witnesses and the videotape of Azevedo's January 28, 2012 visit was improperly denied.  Id. at 8.  However, Plaintiff's "confine[ment] to his cell for (30) thirty consecutive day[s]" without phone, canteen, and outdoor recreation access fails to constitute a liberty or property interest of which Plaintiff has been deprived.  Id.; see Sandin, 515 U.S. at 486-87. Plaintiff fails to allege his confinement presents "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." See Sandin, 515 U.S. at 486-87.  Plaintiff's Fourteenth Amendment due process claim against defendant Martinez must therefore be dismissed.

**G.  PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAIM AGAINST DEFENDANT MARTINEZ**

Prison officials violate the Eighth Amendment when they deny humane conditions of confinement with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994).  To state a claim

for such an Eighth Amendment violation, an inmate must show objective and subjective components. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (stating deliberate indifference "constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment" (internal quotation marks and citation omitted)).

A prison official "is deemed 'deliberately indifferent' to a substantial risk of serious harm when he knew of the risk but disregarded it by failing to take reasonable measures to address the danger." Castro v. Cnty. of Los Angeles, 797 F.3d 654, 666 (9th Cir. 2015). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837-38.

Here, Plaintiff's Eighth Amendment cruel and unusual punishment claim against defendant Martinez fails. Plaintiff alleges he endured "mental anguish and chest pain" after learning he would be "confined to his cell for (30) thirty consecutive days." Compl. 14. However, Plaintiff fails to allege a prison official acted with "deliberate indifference" to a substantial risk of serious harm. See Farmer, 511 U.S. at 837-38. Plaintiff fails to show defendant Martinez: (1) knew he would endure mental anguish or chest pain; or (2) disregarded that risk. See id. Plaintiff's Eighth Amendment cruel and unusual punishment claim against

defendant Martinez must therefore be dismissed.

## H. PLAINTIFF FAILS TO STATE FIRST AND FOURTEENTH AMENDMENT ACCESS TO THE COURTS CLAIMS AGAINST DEFENDANT ROWE

As stated in III.D. of this Report and Recommendation, the First and Fourteenth Amendments provide the right to access the courts. Silva, 658 F.3d at 1103; Nevada Dept. of Corrections, 648 F.3d at 1018; Christopher, 536 U.S. at 416.

Here, Plaintiff fails to state First and Fourteenth Amendment access to the courts claims against defendant Rowe. Plaintiff alleges defendant Rowe stated the CSP-LAC library was open on Mondays and Tuesdays, and the library was actually closed from March 21, 2012 to April 4, 2012. Compl. 17. Further, Plaintiff alleges the library had no casebooks, no printer, and only five computers, as well as limited hours and inmate capacity. Compl. 10, 17. However, Plaintiff fails to allege any facts showing defendant Rowe gave him an erroneous library schedule "in order to hinder his ability to litigate his pending civil lawsuits." Compl. 17; see Silva, 658 F.3d at 1103-04. In addition, despite Plaintiff's claim the library's inadequacies caused him to miss deadlines and have cases dismissed, Plaintiff fails to allege defendant Rowe's actions frustrated or impeded Plaintiff's attempt to bring a nonfrivolous legal claim. Compl. 10; see Nevada Dept. of Corrections, 648 F.3d at 1018. Plaintiff fails to show "the 'arguable' nature of the claim is more than hope," defendant Rowe frustrated the litigation of that underlying claim, and a "remedy available under the access claim and presently unique to it" that could not be awarded by bringing a separate action on an existing claim. See Christopher, 536 U.S. at 416. Plaintiff's First and Fourteenth Amendment claims against defendant Rowe must therefore be dismissed.

///

///

## IV.

## **ORDER**

For the foregoing reasons, the Complaint is subject to dismissal. However, as the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, IT IS ORDERED THAT **within 21 days of the service date of this Order**:

(1) Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form CV-66 to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

(2) If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.

1  "[A] district court's discretion over amendments is especially broad 'where the
2  court has already given a plaintiff one or more opportunities to amend his
3  complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal.
4  2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, if Plaintiff files
5  a First Amended Complaint with claims on which relief cannot be granted, the
6  Court may recommend dismissal of the First Amended Complaint without leave to
7  amend and with prejudice.
8       **The Court cautions Plaintiff that his failure to timely comply with this**
9  **Order may result in dismissal of this action for failure to prosecute and**
10  **comply with court orders.**

Dated: November 19, 2015

/s/ Kenly Kato

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE