1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT

             CENTRAL DISTRICT OF CALIFORNIA
8

9

10   GREGORY FRANKLIN,                    Case No. CV 15-8379-CBM (KK)

11                      Plaintiff,

12          v.                            ORDER DISMISSING SECOND
                                          AMENDED COMPLAINT WITH
13   SOTO, ET AL.,                        LEAVE TO AMEND

14                      Defendants.

15

16

17                            **I.**

18                    **INTRODUCTION**

19        Plaintiff Gregory Franklin ("Plaintiff"), proceeding pro se and in forma

20   pauperis, has filed a Second Amended Complaint ("SAC") pursuant to 42 U.S.C.

21   § 1983 ("Section 1983") against defendants B. Bojoroquez, C. Wofford, A. H.

22   Martinez, B. Harris, L. Rowe, and Neal ("Defendants").  Defendants filed a

23   Motion to Dismiss ("Motion").  As discussed below, the Court dismisses the SAC

24   with leave to amend.

25   ///

26   ///

27   ///

28   ///

## II.

## **PROCEDURAL HISTORY**

On October 11, 2015, Plaintiff constructively filed[1] a civil rights complaint pursuant to Section 1983 ("Complaint").  See ECF Docket No. ("dkt.") 1, Compl. at 1.  The Complaint sued various defendants in both their individual and official capacities.  Id. at 3-4, 6-7.  On November 20, 2015, the Court found the Complaint failed to state any official capacity claims and dismissed the Complaint with leave to amend.  Dkt. 10.

On December 7, 2015, Plaintiff constructively filed a First Amended Complaint ("FAC").  See dkt. 11, FAC at 25.  Plaintiff again sued various defendants in both their individual and official capacities.  Id. at 3-7.  On January 7, 2016, the Court found the FAC failed to state any official capacity claims and dismissed the FAC with leave to amend.  Dkt. 12.

On January 28, 2016, Plaintiff constructively filed the SAC[2].  See dkt. 13, SAC at 16.  Plaintiff again sued Defendants B. Harris, L. Rowe, A.H. Martinez, C. Wofford, B. Bojoroquez, and Neal[3] in their individual and official capacities.  Id. at 3-7.  In the SAC, Plaintiff alleges (1) defendants Rowe and Harris violated his First and Fourteenth Amendment right to access the courts; (2) defendants Rowe, Bojoroquez, Martinez, Wofford, Harris, and Neal violated his First Amendment right to speech by retaliating against Plaintiff for filing lawsuits; and (3) defendant Harris violated his Eighth Amendment right to be free from cruel and unusual punishment.  See SAC.

---

[1]    Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2]    The Court treats the pages of the SAC as though they were consecutively paginated.

[3]    Although Defendants' Motion does not include defendant Neal, as defendant Neal has yet to be served, the Court will address Plaintiff's claims against Neal for purposes of this Order.  See dkt. 38, Mot. at 1.

On April 8, 2016, the Court dismissed Plaintiff's official capacity claims with prejudice for failure to state a claim.  Dkts. 16, 18.  On April 14, 2016, the Court ordered service of the summons and SAC with the remaining claims on Defendants.  Dkt. 20.

On September 12, 2016, Defendants filed the instant Motion with a Request for Judicial Notice ("RJN")[4] of the dockets of the cases Plaintiff refers to in his SAC.  Dkt. 38.  In the Motion, Defendants argue (1) Plaintiff's SAC fails to comply with Federal Rule of Civil Procedure 8(a)(2); (2) Plaintiff fails to state a First and Fourteenth Amendment access to courts claim against defendants Rowe and Harris; (3) Plaintiff fails to state a First Amendment retaliation claim against defendants Rowe, Bojoroquez, Martinez, Wofford, Harris, and Neal; (3) Plaintiff fails to state an Eighth Amendment cruel and unusual punishment claim against defendant Harris; (4) Defendants are entitled to qualified immunity; and (5) Plaintiff has improperly joined defendants in violation of Federal Rule of Civil Procedure 18.  Id.

On November 15, 2016, Plaintiff constructively filed an Opposition.  Dkt. 44.  On December 7, 2016, Defendants filed a Reply[5].  Dkt. 45.  Thus, this matter stands submitted and ready for decision.

///
///
///
///

---

[4]    "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment.  But a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'"  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (internal citations omitted); see also In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (taking judicial notice of prior proceedings in federal and state courts); Fed. R. Evid. 201(b).

[5]    Plaintiff additionally filed a request for extension of time to file a reply to Defendant's Reply.  See dkt. 47.  Plaintiff's request is denied as MOOT.

### III.

### ALLEGATIONS IN THE SAC

**A.     VISITING INCIDENTS**

> **(1)     Calipatria State Prison Visits from October 2011 to January 28, 2012**

Plaintiff alleges defendants Neal and Bojoroquez "each made a statement about [P]laintiff['s] pending lawsuit to [P]laintiff," and "harras[ed] Plaintiff['s] visitor to retaliate against Plaintiff for bring an [sic] complaint against numerous fellow employees" and in an attempt "to get Plaintiff to dropped [sic] the lawsuit." SAC at 16.  Specifically, Plaintiff alleges "in October 2011," defendant Neal harassed one of Plaintiff's visitors, Sonia Azevedo.  Id. at 12.  Plaintiff alleges "the rules and regulations state [a visitor's] dress can't be more than 2 inches above the knee," Azevedo wore a knee-length dress when she visited Plaintiff, and "several other women[] that had dresses two inches above the knee were allowed to enter without changing their dresses."  Id. at 12-13.  Plaintiff alleges defendant Neal "made Sonia Azevedo change her clothes, stating her dress was too short but the dress was not."  Id. at 12.

In addition, Plaintiff alleges defendant Bojoroquez harassed Azevedo when she visited Plaintiff on December 10, 2011.  Id. at 13.  Plaintiff alleges "the institution requirement was [visitors'] strap[s] ha[d] to be 2 inches wide or more" and Azevedo wore a jacket with "a shirt underneath where the straps were 4 inches wide."  Id.  Plaintiff alleges defendant Bojoroquez "insisted the straps on Ms. Azevedo['s] shirt were too narrow," and despite other officers stating Azevedo's "shirt was within regulation," defendant Bojoroquez told Azevedo she had to wear her jacket or "her visiting w[ould] be terminated."  Id.

Further, Plaintiff alleges defendant Bojoroquez fabricated a rule violation when Azevedo visited Plaintiff on January 28, 2012.  Id. at 13-14.  Plaintiff alleges at the end of Azevedo's visit, Plaintiff hugged and kissed her "as the California

Department of Correction statute allowed," but defendant Bojoroquez accused Plaintiff of excessive touching, separately detained them, and stated their visit would be suspended. Id. at 13. Plaintiff alleges "when [P]laintiff objected, Officer B. Borjorquez made a comment about [P]laintiff['s] lawsuit and went and got his supervisor R. Sutton, he suspended [P]laintiff and Ms. Azevedo['s] visiting for the next day." Id. at 13-14.

### (2)   CSP-LAC Visit on February 25, 2012

Plaintiff alleges "suddenly [P]laintiff was transferred to California State Prison Los Angeles County on February 12, 2012," where his visitors also endured obstacles. Id. Specifically, Plaintiff alleges Azevedo visited Plaintiff on February 25, 2012 and despite obtaining approval for visiting five months prior, "before she was allowed to enter into visiting she was forced to fill-out an unlawful visiting form." Id. at 19-20. Plaintiff alleges Azevedo was denied visiting approval, Plaintiff filed a grievance about the denial, and defendant Wofford "answer[ed] [P]laintiff['s] grievance he/she upheld and enforce[d] the legal policy." Id. at 20.

## B.   DISCIPLINARY HEARING

Plaintiff alleges on March 6, 2012, defendant Martinez retaliated against him by holding an unfair disciplinary hearing regarding Azevedo's January 28, 2012 visit. Id. at 14. Plaintiff alleges, at the hearing, defendant Martinez "mention[ed] [P]laintiff['s] lawsuit," "refuse[d] to get the video of that day (1-28-12), and refuse[d] to call Sonia Azevedo and other witnesses." Id.

## C.   MAIL INCIDENTS

Plaintiff alleges on September 11, 2012, he tried to send mail to his attorney but "between the officer picking up the mail and mail being deliver[ed] to the mail room, the mail was discarded." Id. at 6. Plaintiff alleges he filed a "grievance to find out what official was responsible for discarding his legal mail, [and] B. Harris (inmate appeal coordinator) screen[ed]-out Plaintiff['s] inmate grievance." Id.

In addition, Plaintiff alleges on January 21, 2013, his mother sent him writing tablets and stamps but he did not receive them until February 15, 2013. Id. at 6-7. Plaintiff alleges he submitted a grievance "to discover who the official[]s were for the delayed or los[s] of his mail," but defendant Harris "would not process the appeal." Id. at 7.

Further, Plaintiff alleges on May 5, 2013, he sent mail to a process server, but the process server never received them. Id. Plaintiff alleges he "tried to find out what official[]s were responsible through a request to the mail room and inmate grievance," but defendant Harris "did not process the inmate grievance." Id.

Moreover, Plaintiff alleges on September 28, 2013, Valerie Rowlett sent him writing tablets but he did not receive them until November 2013. Id. Plaintiff alleges he sent an "inmate request inquiring about the tablets, no-one ever responded to the request" and he filed a grievance "to obtain the names of the official[]s who w[ere] withholding his mail but B. Harris screen[ed]-out the inmate grievance and would not process the inmate grievance." Id. at 7-8.

Plaintiff also alleges defendant Harris "supported or upheld an unlawful action or decision of a protected constitutional liberty," impeded Plaintiff's access to the courts, obstructed his mail, and "supported or upheld his subordinates['] actions or decisions that continuously violated [P]laintiff['s] protected constitutional rights to cause unnecessary pain and suffering" to "stop [P]laintiff['s] lawsuits." Id. at 8.

## D.   LAW LIBRARY ACCESS AND CONDITIONS

Plaintiff alleges from February 2012 to March 2012, he missed deadlines in two pending lawsuits because the CSP-LAC law library was closed or had inadequate resources. Id. at 9. Plaintiff alleges "the law library was closed February and March 2012" and he asked "for an extension without notification, because the only document [P]laintiff receive[d] during that period was from Senior [L]aw [L]ibra[r]ian R. Rowe that was the law library was open Monday and

1    [T]uesday, which was untrue." Id. at 9-10.  As to one of his lawsuits, Plaintiff
2    alleges:

3           due to lack of access to the law library and lack of legal material, many
4           of [P]laintiff's motions did not have certificate of service and
5           memorand[a] [of] points and authorities, [P]laintiff had to request (5)
6           five extensions (without no institutional memorandum), on the fifth
7           extension the court would not grant the extension and [P]laintiff's
8           complaint was dismissed with prejudice.

9    Id. at 15.  In addition, Plaintiff alleges defendant Rowe "made sure that he
10   impede[d] [P]laintiff['s] access to the court by not providing with adequate access
11   to the law library until his complaint was dismissed." Id. at 11.

12          Further, Plaintiff alleges in April 2012, he was allowed in the library "once
13   that month and during that year [P]laintiff went approximately 4 hours a month."
14   Id. at 10.  Plaintiff alleges:

15          when the library was open there w[ere] no case law books, state and
16          federal habeas practice and procedure, California Penal Code and
17          United States Code annotated were outdated, no paging was provided
18          and there w[ere] only five computers for no less than 12 inmates used
19          within 2 hours.  The computers had no print out so you have to[] read
20          [and] write down the material that was relevant usually within 30
21          minutes (because you have to share the computer) and there was no
22          memorandum ever provided about the closure or the inadequacies of
23          the library.

24   Id.  Plaintiff also alleges he complained of the law library's inadequacies to
25   defendant Rowe, but he never answered. Id.  Moreover, Plaintiff alleges
26   defendants Rowe "did not provide [P]laintiff adequate constitutional time in the
27   law library from 2012 until March 2013." Id. at 11.
28   ///

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.

## STANDARD OF REVIEW

A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). The Court has "an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted). If, however, a court finds that a pro se complaint has

8

failed to state a claim, dismissal may be with or without leave to amend.  <u>Lopez v.</u>
<u>Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

**V.**

**<u>DISCUSSION</u>**

**A.   THE SAC COMPLIES WITH THE PLEADING REQUIREMENTS**
**OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

    **1.   Applicable Law**

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a) ("Rule 8(a)(2)").  Further, Rule 8(d)(1) provides "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996).

    **2.   Analysis**

Defendants argue Plaintiff's SAC violates Federal Rule of Civil Procedure 8(a)(2).  Mot. at 33.  The Court disagrees.  The SAC is not overly long nor does it contain largely irrelevant information.  Further, as discussed in detail below, Plaintiff has alleged facts to identify claims of First Amendment retaliation and First and Fourteenth Amendment access to courts against certain defendants. Moreover, Defendants have been able to frame a substantive response.  Thus, the Court finds Plaintiff's SAC sets forth a "short and plain" statement of Plaintiff's claims and provides sufficient information to "give fair notice and to enable the opposing party to defend itself effectively."  <u>Starr</u>, 652 F.3d at 1216.

9

**B.    PLAINTIFF SUFFICIENTLY ALLEGES A FIRST AND FOURTEENTH AMENDMENT ACCESS TO COURTS CLAIM AGAINST DEFENDANT ROWE, BUT FAILS TO STATE A CLAIM AGAINST DEFENDANT HARRIS**

### 1.    Applicable Law

The First and Fourteenth Amendments provides prisoners with a constitutional right of access to courts.  <u>Bounds v. Smith</u>, 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).  "Included within that right of access to courts is a prisoner's right of access to adequate law libraries or legal assistance from trained individuals."  <u>Vandelft v. Moses</u>, 31 F.3d 794, 796 (9th Cir. 1994), <u>as amended</u> (Oct. 5, 1994).  In determining whether access to a prison law library is constitutionally adequate, "courts must consider regulations, facilities, and available resources together as a whole, remembering that 'meaningful access' is the touchstone of this constitutional guarantee."  <u>Ramos v. Lamm</u>, 639 F.2d 559, 583 (10th Cir. 1980) (citing <u>Bounds</u>, 430 U.S. at 823, 832).

To state an access to courts claim, "[t]the prisoner must demonstrate that he suffered 'actual injury' because of deficiencies in law library access or materials, 'such as the inability to meet a filing deadline or to present a claim' in a direct appeal, habeas petition, or a § 1983 action."  <u>Pierce v. Gonzales</u>, No. 1:10-CV-00285 JLT, 2011 WL 703594, at *4 (E.D. Cal. Feb. 18, 2011) (quoting <u>Lewis v. Casey</u>, 518 U.S. 343, 355, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)).

### 2.    Analysis

#### a. Defendant Rowe

Plaintiff sufficiently alleges a First and Fourteenth Amendment access to courts claim against defendant Rowe.  Plaintiff alleges facts showing (1) defendant Rowe deprived Plaintiff of meaningful access to the courts by failing to provide him a reasonable amount of time to access the library, which (2) caused him to miss a court deadline.  For example, Plaintiff alleges he "requested to go to the law

library" because he had a court deadline, but Plaintiff was unable to gain access to the library since it was closed in February and March of 2012. SAC at 9. When the library finally re-opened in April 2012, Plaintiff was only able to go "once during that month." Id. at 10. For the rest of the year, Plaintiff alleges he was allowed access to the law library for "approximately 4 hours a month." Id. Because of the limited access, Plaintiff claims many of his pleadings lacked "memorandum[s] of points and authorities." Id. at 11. Plaintiff claims he submitted "a couple inmate grievances to [defendant] Rowe," but the grievances were never answered. Id. Ultimately, Plaintiff claims defendant Rowe "impede[d] Plaintiff's access to the court by not providing [him] with adequate access to the law library until his complaint was dismissed." Id. at 11; see Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 858 (9th Cir. 1985) ("The existence of an adequate law library does not provide for meaningful access to the courts if the inmates are not allowed a reasonable amount of time to use the library.").

Furthermore, Plaintiff alleges sufficient facts to support a claim of actual injury, whereby Plaintiff's attempts to litigate at least one of his lawsuits was impeded. For example, in Franklin v. Scribner, 3:09-cv-01067-MMA-RBB, Plaintiff sought access to the law library after a motion for summary judgment was filed in June 2012. SAC at 9. Because Plaintiff was deprived access to the library, Plaintiff claims he had "to request numerous extensions" to file a supplemental memorandum to his opposition to a pending motion for summary judgment. Id. at 11. Based on the docket in Franklin v. Scribner, Plaintiff did, in fact, seek numerous extensions throughout 2012 and 2013. See RJN at 29. Though it appears the court initially granted Plaintiff the right to file a supplemental memorandum, in February 2013, the court eventually refused to allow Plaintiff to file the memorandum after Plaintiff had to request a *fifth* extension of time. Id. Following the refusal, the court ruled on the merits of the motion and granted summary judgment in favor of defendants. Id. at 30.

Construing Plaintiff's SAC liberally, Plaintiff has alleged facts to show defendant Rowe interfered with Plaintiff's ability to access the courts, and as a result of this interference, Plaintiff was unable to meet a filing deadline.  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (finding actual injury where actual prejudice has resulted "with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." (quoting Lewis, 518 U.S. at 348)).  Thus, Plaintiff has adequately alleged a First and Fourteenth Amendment access to courts claim against defendant Rowe.

### b. Defendant Harris

Plaintiff fails to state a Fourteenth Amendment access to courts claim against defendant Harris.  As Defendants note, Plaintiff fails to remedy the deficiencies from the Court's January 7, 2016 Order.  Dkt. 12, Order at 14.  Plaintiff still has not presented facts supporting defendant Harris's personal involvement in depriving Plaintiff access to the courts, as well as a sufficient causal connection between the wrongful conduct and the constitutional violation.  Id.  Thus, the First and Fourteenth Amendment access to courts claim against defendant Harris must be dismissed.

## C. PLAINTIFF PROPERLY STATES A FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANTS ROWE, BOJOROQUEZ, AND MARTINEZ, BUT FAILS TO STATE A CLAIM AGAINST DEFENDANTS WOFFORD, HARRIS, AND NEAL

### 1. Applicable Law

Allegations of retaliation against an inmate's First Amendment rights to speech or to petition the government may support a Section 1983 claim.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action

against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct; (4) the adverse action caused harm that was more than minimal or "would chill or silence a person of ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 562, 567-68, n.11 (9th Cir. 2005); see also Pratt, 65 F.3d at 807 (deciding that alleged harm was enough to ground a First Amendment retaliation claim without independently discussing whether the harm had a chilling effect); Valandingham v. Bojorguez, 866 F.2d 1135, 1138 (9th Cir. 1989) (same); Pinard v. Clatskanie School District, 467 F.3d 755, 770 (9th Cir. 2006); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (holding placement in administrative segregation for engaging in protected activities constitutes an "adverse action" under Rhodes).  "Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Pratt, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.").

        **2.**    **Analysis**

Here, Plaintiff's First Amendment retaliation claims arise out of a number of allegedly adverse actions taken because of Plaintiff's pattern of filing multiple lawsuits against prison officials.  Filing lawsuits against prison officials is a constitutionally protected activity.  See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995) (holding prisoners may not be retaliated against for exercising their right of access to the courts).  As discussed below, liberally construing the allegations of Plaintiff's SAC, the Court finds Plaintiff has sufficiently stated a First Amendment retaliation claim against defendants Rowe, Bojoroquez, and Martinez. However, Plaintiff has failed to state a claim against defendants Harris, Neal, and Wofford.

### a. Defendant Rowe

Plaintiff sufficiently alleges a First Amendment retaliation claim against defendant Rowe.  Plaintiff claims defendant Rowe impeded Plaintiff's access to the library "until [Plaintiff's] complaint was dismissed."  Opp. at 21; SAC at 11. Plaintiff alleges that, despite informing defendant Rowe of his lawsuit and impending deadlines, as well as submitting requests to access the library, Plaintiff "was not allowed" to access the library.  SAC at 9, 11.  Based on the timing of Plaintiff's library requests and the claim defendant Rowe impeded Plaintiff's access to the library "until [Plaintiff's] complaint was dismissed," the Court finds the facts are sufficient to support a claim that defendant Rowe's acts of preventing Plaintiff's access was motivated by Plaintiff's protected conduct and done without any penological justification.  Opp. at 21; SAC at 11; see Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was 'the substantial or motivating factor behind the defendant's conduct.'" (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).  Thus, Plaintiff has adequately alleged a First Amendment retaliation claim against defendant Rowe.

### b. Defendant Bojoroquez

Plaintiff sufficiently alleges a First Amendment retaliation claim against defendant Bojoroquez.  Plaintiff claims defendant Bojoroquez "fabricated a lie" when he cited Plaintiff for an excessive touching violation with his visitor, Sonia Azevedo.  SAC at 13.  When Plaintiff objected to the rules violation, defendant Bojoroquez "made a comment about Plaintiff's lawsuit."  Id. at 14.  Additionally, this incident occurred less than a year after Plaintiff filed his second lawsuit against defendant Bojoroquez's co-employees.  See id. at 13; RJN at 5; Pratt, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.").  Based on the statement defendant Bojoroquez allegedly made to Plaintiff about his recent lawsuit, which came directly after defendant

Bojoroquez allegedly fabricated a rules violation, the Court finds Plaintiff has alleged sufficient facts to infer the fabricated rules violation was motivated by retaliation for Plaintiff's engagement in protected conduct.  Thus, Plaintiff has adequately alleged a First Amendment retaliation claim against defendant Bojoroquez.

### c.  Defendant Martinez

Plaintiff sufficiently alleges a First Amendment retaliation claim against defendant Martinez.  Plaintiff alleges defendant Martinez was the officer responsible for conducting Plaintiff's disciplinary hearing regarding the excessive touching violation.  SAC at 14.  Plaintiff claims defendant Martinez refused to allow Plaintiff to "present relevant evidence and witnesses at his hearing" without justification.  Id.; see Wolff v. McDonnell, 418 U.S. 539, 566, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) (holding prison officials may refuse to call witnesses that "may create a risk of reprisal or undermine authority"); but see Santibanez v. Havlin, 750 F. Supp. 2d 1121, 1128 (E.D. Cal. 2010) ("Should prison officials refuse to call a witness, they should explain their reasons in disciplinary proceedings . . . .").  Plaintiff further alleges defendant Martinez "mention[ed] Plaintiff's lawsuit" throughout the course of the hearing.  SAC at 14.  Based on the fact defendant Martinez specifically mentioned the suit during a disciplinary hearing where he allegedly refused to give Plaintiff the opportunity to present a defense, the Court finds a sufficient causal connection between the adverse activity of refusing Plaintiff's witnesses and Plaintiff's protected conduct.  Thus, Plaintiff has adequately alleged a First Amendment retaliation claim against defendant Martinez.

### d.  Defendant Wofford

Plaintiff fails to state a First Amendment retaliation claim against defendant Wofford, the warden at California State Prison, Lancaster.  Plaintiff's SAC does not remedy the factual deficiencies against defendant Wofford identified by the

Court in the January 7, 2016 Order Dismissing with Leave to Amend.  Dkt. 12. Plaintiff's claims against defendant Wofford continue to make conclusory allegations.  Specifically, Plaintiff alleges defendant Wofford enforced an "illegal policy" preventing Ms. Azevedo from visiting Plaintiff to "harass Ms. Azevedo and to retaliate against Plaintiff in an attempt to tried [sic] to get Plaintiff from pursuing his complaint against Department of Correctional officials."  SAC at 15. Additionally, Plaintiff fails to allege defendant Wofford had knowledge of Plaintiff's prior lawsuits.  See SAC.  Thus, Plaintiff's First Amendment retaliation claim against defendant Wofford must be dismissed.

### e.  Defendant Harris

Plaintiff fails to state a First Amendment retaliation claim against defendant Harris.  While Plaintiff presents details in which his mail was allegedly mishandled, Plaintiff does not provide any facts that indicate defendant Harris had any relation or involvement with the alleged mail mishandling.  According to Plaintiff's SAC, defendant Harris's involvement was in his failure to process inmate grievances. SAC at 6-8.  While Plaintiff alleges defendant Harris failed to process any of Plaintiff's inmate grievances regarding his missing mail because he wanted to "stop Plaintiff['s] lawsuits," the adverse action and causal connection are too attenuated to state a claim.  Id. at 8; see Quiroz v. Short, 85 F. Supp. 3d 1092, 1100 (N.D. Cal. 2015) (holding that mere speculation defendants acted out of retaliation without any other circumstantial evidence is not sufficient to show retaliatory motive). Thus, the First Amendment retaliation claim against defendant Harris must be dismissed.

### f.  Defendant Neal

Plaintiff fails to state a First Amendment retaliation claim against defendant Neal.  Plaintiff fails to present facts Neal took any adverse action *against Plaintiff specifically*.  While Plaintiff alleges Neal harassed Plaintiff's *visitor* by forcing her to

16

change her clothing, this action was not inflicted upon Plaintiff.  SAC at 12.  Thus, the First Amendment retaliation claim against defendant Neal must be dismissed.

## D.   PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAIM AGAINST DEFENDANT HARRIS

### 1.   Applicable Law

Prison officials violate the Eighth Amendment when they deny humane conditions of confinement with deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  To state a claim for such an Eighth Amendment violation, an inmate must show objective and subjective components.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm.  Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996).  The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm.  Farmer, 511 U.S. at 837-38; Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (stating deliberate indifference "constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment" (citation omitted)).

A prison official "is deemed 'deliberately indifferent' to a substantial risk of serious harm when he knew of the risk but disregarded it by failing to take reasonable measures to address the danger."  Castro v. Cnty. of Los Angeles, 797 F.3d 654, 666 (9th Cir. 2015).  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837-38.

### 2.   Analysis

Plaintiff fails to state an Eighth Amendment cruel and unusual punishment claim against defendant Harris.  Plaintiff contends defendant Harris's failure to process his inmate grievance or to resolve the alleged misconduct in the processing of his mail caused "harm and unnecessary suffering and pain."  SAC at 8.  However, Plaintiff fails to show this mishandling constitutes an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm.  Osolinski, 92 F.3d at 938.  Thus, the Eighth Amendment claim against defendant Harris must be dismissed.

## E.   DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

### 1.   Applicable Law

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).  The qualified immunity analysis is two-pronged.  See Pearson, 555 U.S. at 232, 236.  The first prong asks whether the facts, taken in the light most favorable to the party asserting the injury, show the defendant's conduct violated a constitutional right.  Id. at 232.  The second prong of the qualified immunity analysis asks whether the constitutional right in question was "clearly established" at the time the conduct at issue occurred.  Id. at 232, 236.  "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'"  Ashcroft v. al-Kidd, 563 U.S. 731, 131 S. Ct. 2074, 2083, 179 L. Ed. 2d 1149 (2011) (brackets omitted) (quoting Anderson v. Creighton, 483 U.S. 635, 640,

18

107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).  The "clearly established" inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition," Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001), and "turns on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'" Pearson, 555 U.S. at 244 (quoting Wilson v. Layne, 526 U.S. 603, 614, 119 S. Ct. 1692, 143 L. Ed. 2d 818 (1999)).

### 2.    Analysis

Defendants argue they are entitled to qualified immunity because "Plaintiff has failed to plead facts sufficient to show that Defendants deprived him of any clearly established constitutional right."  Mot. at 29-31.  As discussed above, the Court finds Plaintiff has sufficiently stated a claim against defendant Rowe for violating Plaintiff's First and Fourteenth Amendment right to access courts, and additionally against defendants Rowe, Martinez, and Bojoroquez for violating Plaintiff's First Amendment right to be free from retaliation for engaging in protected conduct.

Furthermore, Plaintiff has alleged facts showing violations of "clearly established" federal law by Defendants.  The Ninth Circuit has held it is a clearly established violation of the First and Fourteenth Amendment to prevent access to courts and of the First Amendment to retaliate against prisoners for bringing lawsuits complaining of conditions related to their confinement.  See Rhodes, 408 F.3d at 567 ("Of fundamental import to prisoners are their First Amendment 'right[s] to file prison grievances,' and to 'pursue civil rights litigation in the courts.'" (quoting Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) and Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995))).  Thus, Plaintiff's claims against defendants Rowe, Martinez, and Bojoroquez are not entitled to qualified immunity.

**F.     THE SAC DOES NOT VIOLATE FEDERAL RULE OF CIVIL PROCEDURE 18**

### 1.     Applicable Law

Federal Rule of Civil Procedure 18 ("Rule 18") prohibits joining unrelated claims against different defendants.  Federal Rule of Civil Procedure 20(a)(2), however, allows plaintiffs to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  "Transaction or occurrence" refers to "similarity in the factual background of a claim."  It includes "claims that 'arise out of a systematic pattern of events.'" Bautista v. Los Angeles County, 216 F.3d 837, 842–43 (9th Cir. 2000) (Reinhardt, J., concurring) (quoting Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997)).

"Once a defendant is properly joined under Rule 20, the plaintiff may join, as independent or alternative claims, as many claims as he has against that defendant, irrespective of whether those additional claims also satisfy Rule 20." Washington v. Sandoval, No. C-10-0250-LHK-PR, 2011 WL 1522349, at *1 (N.D. Cal. Apr. 19, 2011); see Fed. R. Civ. P. 18(a).

### 2.     Analysis

Defendants argue the SAC contains improperly joined defendants.  To the extent Plaintiff wishes to file a Third Amended Complaint based solely on the claims and defendants properly alleged as identified in this Order, the Court finds such defendants properly joined.  Specifically, the Court finds Plaintiff has properly joined the First Amendment retaliation claims against defendants Rowe, Bojoroquez, and Martinez, and the First and Fourteenth Amendment access to courts claim against defendant Rowe.

Construing Plaintiff's SAC liberally, it appears Plaintiff is describing events indicative of a pattern of continuing harassment by defendants who are allegedly

motivated by Plaintiff's engagement in the protected activity of filing multiple lawsuits.  <u>See</u> SAC.  As Plaintiff's First Amendment retaliation claims appear to "arise out of a systematic pattern" of harassing events, construing the SAC liberally, Plaintiff has properly joined claims against defendants Martinez, Neal, Bojoroquez, and Rowe for First Amendment retaliation.  <u>See</u> <u>Bautista</u>, 216 F.3d at 842-43.  Because defendant Rowe is a properly joined defendant based on the First Amendment retaliation claim, the additional First and Fourteenth Amendment access to courts claim against defendant Rowe is properly joined as well.  <u>See</u> <u>Washington</u>, 2011 WL 1522349, at *1.

If Plaintiff files a TAC attempting to attempt to re-allege claims against defendants that are not specifically included above, Plaintiff is cautioned such claims may not be properly joined and may require Plaintiff bring them in a separate complaint.

## VI.

## <u>ORDER</u>

Accordingly, it is hereby ORDERED:

1.  Defendants' Motion is GRANTED with respect to: (1) the First and Fourteenth Amendment access to courts claim against defendant Harris; (2) the First Amendment retaliation claim against defendants Wofford, Harris, and Neal; and (3) the Eighth Amendment cruel and unusual punishment claim against defendant Harris.

2.  Defendants' Motion is DENIED without prejudice with respect to: (1) the First and Fourteenth Amendment access to courts claim against defendant Rowe; and (2) the First Amendment retaliation claim against defendants Rowe, Bojoroquez, and Martinez.  Defendants may reassert the arguments raised in the instant Motion if Plaintiff files a Third Amended Complaint.

3.  **Within twenty-one (21) days** of the service date of this Order, Plaintiff shall file a Third Amended Complaint to attempt to cure the deficiencies

as discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Third Amended Complaint, which the Court encourages Plaintiff to use.**

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.**  In addition, the Third Amended Complaint must be complete without reference to the SAC, FAC, Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  <u>Id.</u>  Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Third Amended Complaint.  <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Third Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  <u>Ismail v. County of Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.  Thus, **if Plaintiff files a Third Amended Complaint with claims on which relief cannot be granted, the Third Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a Third Amended Complaint will result in this action being dismissed for failure to**

1  **state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of**

2  **Civil Procedure 41(b).**

3

4  Dated:  February 09, 2017

5

6  _____
   HONORABLE KENLY KIYA KATO
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28