GREGORY FRANKLIN
FULL NAME

COMMITTED NAME (if different)

CALIFORNIA STATE PRISON LOS ANGELES COUNTY,
FULL ADDRESS INCLUDING NAME OF INSTITUTION

P.O. Box 8457, Lancaster, Calif. 93539

E60209
PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT
MAR 27 2017
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION  BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

GREGORY FRANKLIN

PLAINTIFF,

v.

B. HARRIS, L. ROWE, A.H. MARTINEZ, C. WOFFORD, B. BOJORQUEZ, O'NEAL

DEFENDANT(S).

CASE NUMBER Third Amended Complaint
2:15cv 8379-CBM (KK)
To be supplied by the Clerk

CIVIL RIGHTS COMPLAINT
PURSUANT TO (Check one)
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes  ☐ No

2. If your answer to "1." is yes, how many? Six

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.) (1) 1992 television destroy by prison officials. (2) Prison conditions, I was at Salinas Valley State Prison from 1998-2004 we were confined to our cell for five years out of the six years, 2 months here, 6 month there, and 2-3 weeks of outdoor recreation in between one of the lockdown, this led to inadequate medical care and cruel and unusual punishment. (3) Prison conditions, denial of outdoor recreation for one straight year without penalogical legitimate justification. An riot occurred between Hispanic inmates and correctional officers on C-Facility, plaintiff was on A-Facility, the staff retaliated against prisoners, illegally taking personal property, denying medical care, denying access to the law library by not operating the law library or not processing inmate's grievances. (4) When prison officials were served with notice they were being sued, within days they started to retaliate, writing bogus rule violations, writing minor rule violations as serious rule violation, illegally withholding personal property and mail, taking personal property, unlawful confinement to cell, stripped of employment for years. (5) Retaliation, causing further injury to swollen ankle and injured shoulder. (6) Freedom of Information Act, I have diligently tried to find records that were withheld from plaintiff for decades. The DEA investigated plaintiff but only released five redacted pages.

a. Parties to this previous lawsuit:
Plaintiff Gregory FRANKLIN

Defendants J. Jimenez, S. Garcia, T. Molina, S. Ramos, L. Hughey, C. Maciel

b. Court United States District Court Southern District of California

c. Docket or case number 3:11-cv-01240-JAH-BGS

d. Name of judge to whom case was assigned Magistrate Judge Bernard G. Skomal

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) Appeal Reverse and Remanded, still pending

f. Issues raised: Retaliatory Acts, Inadequate medical care, denial of due process, cruel and unusual punishment

g. Approximate date of filing lawsuit: June 2011

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes   ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not Yes and No some was not fully process after continuous attempts, other were fully process

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff First, Eight, Fourteenth Amendments
(print plaintiff's name)
who presently resides at California State Prison (LAC), P.O. Box 8457 Lancaster, CA. 93539,
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
California State Prison, Calipatria CA. 92233 (California State Prison (LAC)
(institution/city where violation occurred)
Lancaster, California 93539

CIVIL RIGHTS COMPLAINT

CV-66 (7/97)                                                                                                    Page 2 of 6

on (date or dates) 9-12 - 9-13 , 2-12 - 3-13 , 1-28-12 - 10-12 .
                         (Claim I)            (Claim II)          (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant __B. Harris__ resides or works at
   (full name of first defendant)

   __California State Prison (LAC), 44750 60th St. W., Lancaster, Calif. 93539__
   (full address of first defendant)

   __Appeal Coordinator__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __Appeal Coordinator B. Harris violated plaintiff 1st, 8th and 14th Amendment__

2. Defendant __L. Rowe__ resides or works at
   (full name of first defendant)

   __California State Prison, (LAC) 44750 60th St. W., Lancaster, Ca. 93539__
   (full address of first defendant)

   __Senior Librian__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __Senior Librian L. Rowe violated plaintiff 1st, 8th, and 14th Amendment__

3. Defendant __B. Bodroguez__ resides or works at
   (full name of first defendant)

   __Calipatria State Prison, P.O. Box 5004, Calipatria, CA. 92233__
   (full address of first defendant)

   __Correctional Officer__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __Correctional Officer violated plaintiff 1st, 8th, 14th Amendment__

4. Defendant __A. H. MARTINEZ__ resides or works at
   (full name of first defendant)

   __(CALIFORNIA STATE PRISON (LAC) 44750 60ST W., LANCASTER, CA. 93539__
   (full address of first defendant)

   __LIEUTENANT__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __CORRECTIONAL OFFICER O'NEAL VIOLATED PLAINTIFF 1ST, 8TH, AND 14TH__
   __AMENDMENT__

5. Defendant __C. WOFFORD__ resides or works at
   (full name of first defendant)

   __CALIFORNIA STATE PRISON (LAC) 44750 60TH ST. W., LANCASTER, CA. 93536__
   (full address of first defendant)

   __WARDEN__
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   __WARDEN C. WOFFORD VIOLATED PLAINTIFF 1ST, 8TH, AND 14TH AMENDMENT__

D. CLAIMS*

## CLAIM I

The following civil right has been violated:

Plaintiff 1st Amendment Right was violated when he was not allowed to process his inmate grievance and due to that fact, B. Harris subordinates continuely harass plaintiff by arbitarily repeatedly withholding, discarding or destroying plaintiff mail and personal property, further violating plaintiff 8th and 14th amendment. Also plaintiff inform B. Harris he is filing a complaint against him for failing to process his inmate grievance and this led to other inmate grievance that was not process. Also when plaintiff arrived at California State Prison (LAC) and was not allowed to enter into the law library, plaintiff inform B. Harris the action taken against him was retaliation due to recent lawsuits against his co-horts. Once inform of the lawsuits B. Harris would not process plaintiff inmate grievances, due to retaliation, causing unnecessary pain and suffering and violating his 1st amendment right's.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Plaintiff suddenly, without warning was transferred to California State Prison (LAC) after he had filed lawsuits against numerous officer or officials at Calipatria State Prison and approximately several days before leaving Calipatria State Prison plaintiff recieve a bogus visiting rule violating which led plaintiff to file an inmate grievance and his visitor to submit a complaint to internal affair. Once plaintiff arrived at California State Prison (LAC) B-Facility he was not allowed into the law library despite he had a pending deadline, this led to an inmate grievance to appeal coordinator B. Harris. Plaintiff stated in the inmate grievance the action's taken against him was retaliatory due to previous lawsuits and complaints, the inmate grievance was not process.

September 11, 2012, plaintiff send legal mail (motion to obtain records for his criminal case, A956742) to his criminal attorney B. Kwaku Duren, Mr. Duren never did recieve the legal mail. Once he did not recieve the

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## Claim 1

legal mail, plaintiff brother Michael Dale called the mail room, there was no log of legal mail being sent-out to B. Kwaku Duren September 11, 2012, so between the officer picking up the mail and mail being delivered to the mailroom the mail was discarded. Plaintiff did an inmate grievance to find out what official was responsible for discarding his legal mail, B. Harris (inmate Appeal Coordinator) screen-out plaintiff inmate grievance, plaintiff re-send the inmate grievance the grievance did not come back or was process.

January 21, 2013, plaintiff mother Delores Franklin send him legal writing tablets and a book of forever stamp for his legal work. Approximately a month letter (after submitting complaints) two of the four writing tablets that was send was brought to plaintiff. The other two writing tablets and the book of forever stamps was never brought to plaintiff. Plaintiff submitted an inmate grievance to the unknown subordinate supervisor's, Appeal Coordinator B. Harris would not process the appeal.

May 5, 2013, plaintiff send legal mail and documents to the process server for a hearing pretaining to missing and withheld records from his criminal conviction (case no. B5140813, A957642). The legal documents never did arrive to the process server, plaintiff had to request an extension for extraordinay circumstances. When plaintiff tried to find out what officials were responsible by addressing their supervisor's through a request to the mailroom and inmate grievance, B. Harris again conceal their identity, he would not process the inmate grievance.

6.

### Claim 1

September 28, 2013, Valerie Rowlett send plaintiff (4) four writing tablets to do his legal work for his civil and criminal matters. When plaintiff did not recieve his writing tablets he send an inmate request inquiring about the tablets, no supervisor responded to the request. Plaintiff did an inmate grievance, he tried to obtain the name of the officer's who was withholding his mail but B. Harris (the officer's supervisor) screen-out the grievance and would not, also conceal their identity. Subsequently plaintiff recieve the tablet in November 2013.

B. Harris became aware that prison official's were retaliating against plaintiff when plaintiff inform B. Harris, when plaintiff was not allowed into the law library upon his arrival at California State Prison (LAC) in February 2012. B. Harris participated in this retaliation when he conceal the identity of his subordinates that had aribitarily tooked or withheld plaintiff mail and personal property. B. Harris could have stop the taking or withholding of plaintiff mail and personal property, but instead he allowed it too continued.

2.

Claim 2

The following civil rights has been violated.

Plaintiff was denied his First, Eighth and Fourteenth Amendment of the United States Constitution when he was denied access to the courts because he was denied access to the law library, the legal material was inadequate and the time allowed in the law library was insufficient. Plaintiff was provided no memorandum and his case's were dismissed with prejudice causing plaintiff harm.

Supporting Facts.

When plaintiff arrived at California State Prison Los Angeles County B-Facility he had two active cases (civil) Case No. 3:11-CV-01240-JAH-BGS, 3:09-CV-01067-MMA-RBB, and he was pursuing his criminal records under the Freedom of Information Act, California Public Records Act and Penal Code 1054.9, plaintiff arrived February 12, 2012. Plaintiff had a deadline for his civil complaint after defendant's motion to dismiss and denied (No. 3:09-CV-01067-MMA-RBB). The court set time-line for discovery and defendants was very uncooperative in releasing discovery which lead to several motions to compel discovery, also defendants subsequently submitted a motion for summary judgment, plaintiff requested to go to the law library he was not allowed. The law library was closed February and March 2012, plaintiff asked for notification, he had to asked for an extension without notification, because the only document plaintiff recieve during that period was from Senior Law Librian L. Rowe and

3.

Claim 2

that was the law library was open Monday and Tuesday, which was untrue.

The law library was open in April 2012, plaintiff went once during that month and during that year plaintiff went approximately (4) four hours a month. Also when the law library was open there was no case law books, State and Federal Habeas Practice and Procedure, California Penal Code and United States Code Annotated were outdated, no paging was provided and there were only five computers for no less than 12 inmates to used within 2 hours. The computers had no print-out, so you have to read, write down the material that was relevant usually within 30 minutes (because you have to share the computer) and there was no memorandum's ever provided about the closure or the inadequacies of the law library. Plaintiff submitted several inmate grievances and a couple inmate group grievances to Senior law librian L. Rowe, the grievance was not answer or process by Senior librian L. Rowe or Appeal Coordinator B. Harris.

After motion to dismiss, (claims found to be meritorious), settlement conference, defendants submitted motion for summary judgment, plaintiff had submitted discovery motions (motion to compel, interrogatories, request for admissions and documents.) Each motions from plaintiff and defendants deadline, was set, plaintiff had to ask for numerous extensions. Due to the lack of legal material, many of plaintiff motions did not have certificate of service and memorandums points and authorities,

4.

## Claim 2

Plaintiff had to request (5) five extension (without no institutional memorandum), on the fifth extension the court would not grant the extension and plaintiff complaint was dismissed with prejudice.

Senior law librarian L. Rowe did not provide plaintiff adequate constitutional time in the law library from 2012 until March 2013, in which the complaint was dismissed with prejudice.

Senior law librarian L. Rowe, violated plaintiff constitutional rights when he was not allowed (4) four hours minimum a week in the law library from February 2012 - March 2013 per California Code of Regulation Title 15 3123 (b). Plaintiff was allowed approximately 4 hours a month.

Plaintiff was send from an adequate law library at Calipatria State Prison (A-Facility) until an inadequate law library to impede his civil complaint against employees for the California Department of Correction. L. Rowe made sure that he impede plaintiff access to the court by not providing with adequate access to the law library until his complaint was dismissed.

5.

## Claim 3

The following civil rights have been violated:

Plaintiff 1st, 8th, 14th amendments rights were violated when state officials took retaliatory actions against plaintiff visitors in an attempt to tried to get plaintiff to drop his previous lawsuits.

When Sonia Azevedo was force to fill-out a visiting form before being allow to visit plaintiff on February 25, 2012, plaintiff wrote a letter to the warden, in the letter plaintiff stated he felt the actions taken against him and his visitors were retaliatory because of previous lawsuits and complaints, and the policy was illegal. Also plaintiff reiterated about the retaliation when his daughter-in-law and grandchildrens were arbitarily denied to visit plaintiff, Warden C. Wofford answer the letter.

Plaintiff visitation was violated due to retaliatory acts. Plaintiff visitor was harass and suspended due to a fabricated story and further harm was implemented when plaintiff was denied due process.

Supporting Facts:

Sonia Azevedo was approved to come see plaintiff in October 2011, within her initial visits officer B. Bojorquez start to harass her. December 10, 2011, Ms Azevedo came to visit plaintiff in a jogging suit, she had a shirt underneath where the straps were 4 inches wide, the institution requirement was the strapped has to be 2 inches or more. Correc-

6.

## Claim 3

tional Officer B. Bojoroquez insisted the straps on Ms. Azevedo shirt were too narrow, He ask one of his fellow employee and they told him they were not, Officer Bojoroquez ask a few more times to his fellow officers and they told him the same thing the shirt was within regulation, Officer Bojoroquez still told Ms. Azevedo not to take off her jacket during visiting, if she does her visiting will be terminated.

    January 28, 2012 Sonia Azevedo came to see or visit plaintiff (Gregory Franklin), at the end of visiting they embrace hug and kiss as the California Department of Correction statue allowed per C.C.R. 3170(e). After Mr. Franklin and Ms. Azevedo hug and kiss, Officer B. Bojoroquez detained Ms. Azevedo upon leaving the visiting room, then he came and detained plaintiff (Mr. Franklin). Officer B. Bojoroquez told plaintiff and Ms. Azevedo that plaintiff was gropping her buttock (excessive touching) and there visit will be suspended. Plaintiff and Ms Azevedo both objected and requested the visiting video to prove Officer B. Bojoroquez was fabricating a lied. When plaintiff objected, Officer B. Bojoroquez made a comment about plaintiff lawsuit and went and got his supervisor R. Sutton, he suspended plaintiff and Ms Azevedo visiting for the next day without viewing the video and told them their visiting will be suspended for 30-90 days after the hearing. Suddenly plaintiff was transferred to California State Prison Los Angeles County on February 12, 2012. The hearing for the visiting violation on January 28, 2012 was conducted on

7.

## Claim 3

March 6, 2012, by Lieutenant A.H. Martinez. During the hearing a couple sergeants, several officers (unusual circumstances) Lieutenant A.H. Martinez mention plaintiff lawsuit, plaintiff told A.H. Martinez he has conclusive irrefutable evidence that show he did not grope his visitor buttock. Lieutenant A.H. Martinez would not honor petitioner requests, he refuse to get the visiting video of that day (1-28-12) and refuse to call Sonia Azevedo and other witnesses, plaintiff objected and stated he has a right to present relevant evidence and witnesses at his hearing according to department of correction statue 3320(L).

After plaintiff was suddenly move to California State Prison (LAC), after he submitted an inmate grievance and his visitor submitted a complaint to Internal Affairs for a bogus rule violation, on February 25, 2012 plaintiff visitor came to see him. When Ms Azevedo (plaintiff visitor) came to see him, before she was allowed to see him, she had to fill-out a visiting form or she was not allowed to visit. There was no justifiable legitimate reasons to filled out another visiting form when she was just approve to visit plaintiff three months prior. When Ms. Azevedo or other is required to fill-out a visiting form on the spot without notification, the majority of the time the visiting will be denied because of the personal history that is required to be fill-out on the form (social security numbers, arrest history, etc.). March 8, 2012 Ms. Azevedo was disapprove or denied from visiting plaintiff due to the visiting form she was force to

8.

## Claim 3

Fill-out on February 25, 2012, reason stated she did not provide her only arrest (not conviction). Approved visitors don't have to fill-out another visiting form unless an inmate has been paroled and return to prison or status for visitor has change per C.C.R. 3172 (t). Ms Azevedo was not allowed to visit plaintiff for a few months, plaintiff appeal the unlawful policy, plaintiff was not paroled and Ms. Azevedo had just recently been approved (3 months earlier) and no information on her had change.

Plaintiff inform Warden C. Wofford that his visitors were being harass due to retaliation from prior lawsuits and complaints. Plaintiff inform Warden C. Wofford of this retaliation before his inmate grievance (for the violation of harassing his visitor) was submitted and Warden C. Wofford decision was rendered. Plaintiff in his inmate grievance asserted the actions were retaliatory and the manadatory language (protected liberty) require certain acts has to be met before taken actions against an inmate's and his visitor's, demonstrating there was no penological legitimate justification. Warden C. Wofford enforce an illegal policy that allowed the retaliation to continue against plaintiff and his visitor. Lieutenant A.H. Martinez refuse to view evidence clearly demonstrating plaintiff was not guilty of a visiting rule violation because he had to inflict unnecessary pain to retaliate against plaintiff in a effort to tried to get plaintiff

9.

## Claim 3

to drop his lawsuits against numerous department of correctional officials. Officer Bojoroquez harass plaintiff visitor and plaintiff to retaliate against plaintiff for bringing an complaint against numerous fellow employees at Calipatria State Prison and a attempt to tried to get plaintiff to dropped the lawsuit.

10.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

Five hundred thousands in compensation and punitive damages. Preliminary injunctive relief pursuant to Rule 65(a) of the Federal Rules of Civil Procedures enjoining the defendants, their successors in office, agents and employees and other person acting in concert and participation with them to stop the violation's constitution (First, Eight, Fourteenth) Amendment of the United States. (1) The delayed or destruction of general and legal mail. (2) Denying access to the law library, especially when a court deadline has been verified. (3) Stop trying to cause serious physical harm. (4) Stop causing causing serious physical harm. (5) Stop harassment of visitors. (6) Seize a policy that denied fresh air and recreation for lengthy periods of time. (7) Stop forcing inmates to cell together when they have to spend lengthy period of time in a small cell daily and has a lengthy period of to be incarcerated. (8) Stop the bogus and trumped-up rule violations. (9) Stop the arbitrary placement in administrative housing unit. (10) Stop the intentional directive mental, physical harm. (11) The plaintiff request that all past, presence and future rule violations and all action taken by defendants and co-hort against plaintiff be review by the court, also visiting video on 1-28-12. (11) Plaintiff request to be presence to review all searches of his property and legal material. (12) Plaintiff requesting that he be removed from California Department of Correction Rehabilitation custody and placed in United States Federal Department of Corrections custody. The plaintiff has requested this injunction because he has continously been injure and has suffer loss that is irreplaceable

MARCH 8, 2017
(Date)

Gregory Frank
(Signature of Plaintiff)

Y FRANKLIN
B3-115
...IA STATE PRISON LOS ANGELES COUNTY
8457
...TER, CALIFORNIA 93539



Hasler
03/10/2017
US POSTAGE $003.08⁰
ZIP 93536
011D11654181

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
U.S. COURTHOUSE, ROOM G8
LOS ANGELES, CALIFORNIA 90012

CBM



CLERK, U.S. DISTRICT COURT
RECEIVED
MAR 27 2017
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Legal Mail